## Strouse's Estate.

*Wills—Mother and son—Accounting for trust moneys—Executors and administrators.*

Where a testatrix bequeaths the residue of her estate to a son and daughter, but provides that the son "shall give my executors

510, (1915).]    Syllabus—Opinion of the Court.

an accounting satisfactory to my said executors and all property of mine which ever came into his hands, and if such satisfactory account is not given," then the whole residue is to go to the daughter, and it appears that the son had settled with his mother in her lifetime for her moneys which he had in his possession, paying mostly in cash but the balance in a note, less than his share of the residuary estate, the executor cannot object to the son sharing in the residuary, because the son had not made a satisfactory accounting of what he did with the money represented by the note. In such a case the son's relation with his mother after the settlement was that of debtor and creditor and not trustee and cestui que trust, and it is immaterial what he had done with the money for which the mother accepted the note.

Argued Oct. 5, 1915.  Appeal, No. 276, Oct. T., 1914, by Clementine Benson, from decree of O. C. Philadelphia Co., April T., 1913, No. 443, dismissing exceptions to adjudication in Estate of Margaret Strouse, deceased.  Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.  Affirmed.

Exceptions to adjudication.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in dismissing exceptions to adjudication.

*Henry B. Hodge,* for appellant, cited: Martin's Est., 178 Pa. 416; American Car & Foundry Co. v. Alexandria Water Co., 221 Pa. 529; William's App., 73 Pa. 249; Naglee's Est., 52 Pa. 154; Buchar's Est., 225 Pa. 427.

*Gerald Ronon,* for appellee, cited: Buchar's Est., 225 Pa. 427.

OPINION BY TREXLER, J., December 20, 1915:

Margaret Strouse in her will, dated May 24, 1912, divided the residue of her estate between her son, Howard,

and her daughter, Clementine, with the following proviso: "Provided, my said son, Howard, shall give my executor an accounting, satisfactory to my said executor, of all property of mine real and personal which ever came into said Howard's hands; and if such satisfactory account is not given by my said son then said daughter to take said rest, residue and remainder absolutely." After the making of the will the testatrix brought suit against her son, Howard, and the latter submitted a statement showing a balance in favor of his mother of $1,630.95, and this balance he paid in cash with the exception of $350 for which he gave a note on which he has paid $50. When he settled with his mother, Paul Reilly as her trustee gave a receipt for the cash paid and for the note of $350 and states in regard to the sum above set forth, "that total being the balance shown by his account of Margaret Strouse's money." Reilly as executor now claims that Howard has not complied with the terms of the will and has not given a satisfactory account. At the audit the dispute narrowed down to the single objection on the part of the executor that Howard had not given a satisfactory account of the purposes for which he had expended the $350 represented by the note. The auditing judge found that Howard Strouse had complied with the provisions of the will according to its real and reasonable construction and that the view which the executor took as to what constituted a satisfactory account was not reasonable. The court in banc took the same view.

When Howard Strouse gave the note for the balance due his mother, he no longer occupied the relation of trustee but became an ordinary debtor. What he had previously done with the $350 represented by the note did not concern the executor. All that his duties required in this regard was to collect the note and as Howard's share exceeded his indebtedness to the estate, it became merely a question of deducting the amount from his distributive portion.

510, (1915).]          Opinion of the Court.

As to the other items which the executor claims were not covered by the previous accounting, there was no dispute as Howard agreed that they should be taken out of his portion of the estate. The intention of the testatrix is very evident. She did not wish to disinherit her son, Howard. Her purpose was to force him to render an account of his stewardship and to settle for the moneys which he had in hands belonging to her. As this has been accomplished, he has done all that the will required him to do.

The dissatisfaction of the executor has no reasonable ground to justify it. He has no right to exercise his judgment arbitrarily, and because Howard had heretofore used some of his mother's money for his own purposes, the amount of which was definitely ascertained and accounted for, and will now be paid, the executor should not be allowed to debar him from his share of his mother's estate.

Judgment affirmed.